UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES, INC.
and LC TRADEMARKS, INC.,

    Plaintiffs,

v.

CREATIVE RESTAURANT, INC., et al.,

    Defendants.

                                   /

Case No. 2:16-cv-14263

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT [16]**

Plaintiff Little Caesar Enterprises sued Defendants Creative Restaurant, Mao Pao Lin, and En Lin for alleged breach of contract, trademark infringement, unfair competition, and trade dress infringement. Before the Court is Defendants' motion for partial summary judgment. The Court has reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). The Court will deny the motion.

**BACKGROUND**

Defendants entered into a Franchise Agreement ("Agreement") with Plaintiff Little Caesar Enterprises, and the Agreement contained a noncompete provision. The parties do not dispute the terms of the noncompete provision. ECF 16-2, PgID 323; ECF 18-2, PgID 462.[1] The noncompete clause prohibits a former franchisee from engaging in certain conduct for "a continuous uninterrupted one (1) year period" within any "Designated Market Area" and for "a continuous uninterrupted two (2) year period with respect to" the Designated Market Area where the franchise was located. *Id.* In December 2016, the

---

[1] Plaintiff disputes the accuracy of the Agreement produced by the Defendants. ECF 18, PgID 395. Regardless, the parties supply identical Sections 15.3 "Non-Competition After Term of Agreement."

Agreement was terminated and the noncompete commenced. ECF 16, PgID 255–56; ECF 18, PgID 395–96. Defendants' filed a motion for partial summary judgment arguing that the noncompete clause is unreasonable and unenforceable.

## LEGAL STANDARD

The Court must grant summary judgment "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must identify specific portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings, but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

A fact is "material" for purposes of summary judgment if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences in a light most favorable to the nonmoving party. *60 Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

## DISCUSSION

Pursuant to the Agreement's choice of law provision, Michigan law governs the interpretation and construction of the Agreement. ECF 16-2, PgID 329. Defendants rely

upon the Michigan Antitrust Reform Act's ("MARA") reasonableness standard for noncompete agreements. Mich. Comp. Laws § 445.774a. But the Supreme Court of Michigan recently held "that a commercial noncompete provision *must* be evaluated for reasonableness under the rule of reason." *Innovation Ventures v. Liquid Mfg., LLC*, 499 Mich. 491, 496 (2016) (emphasis added). The *Innovation Ventures* court further noted that the MARA "does not address the proper framework for evaluating a noncompete agreement between businesses" but provides a reasonableness standard appropriate only for "agreements between employees and employers." *Id.* at 512–13. Further, the MARA instructs courts to rely upon federal interpretation of comparable antitrust statutes. Mich. Comp. Laws § 445.784(2).

Generally, federal courts assess commercial noncompete agreements under the rule of reason. *Innovation Ventures*, 499 Mich. at 514 (compiling cases). A contract clause "violates the rule of reason if it 'may suppress or even destroy competition,' rather than promote competition. *United States v. Blue Cross Blue Shield of Mich.*, 809 F. Supp. 2d 665, 671 (E.D. Mich. 2011) (quoting *American Needle, Inc v. National Football League*, 560 U.S. 183, 203 n.10 (2010)); *see also Perceptron, Inc. v. Sensor Adaptive Machs., Inc.*, 221 F.3d 913, 919 (6th Cir. 2000) (noting that the rule of reason analysis focuses on "whether under all the circumstances of the case the restrictive practice imposes an unreasonable restraint on competition"). To survive under the rule of reason, a party challenging a contract must allege that the contract "produced adverse anticompetitive effects within relevant product and geographic markets." *Blue Cross*, 809 F. Supp. 2d at 671 (quoting *Warrior Sports, Inc. v. Nat'l Collegiate Ath. Ass'n*, 623 F.3d 281, 286 (6th Cir. 2010)).

Here, the antitrust rule of reason governs. The noncompete agreement binds

commercial entities—a franchisor and franchisees—and not an employer and employee.[2] Although the rule of reason originates in antitrust law, the rule's application is not limited, as Defendants assert, only "to non-compete agreements against antitrust claims." ECF 16, PgID 261. The text of the *Innovation Ventures* opinion does not lend itself to that limitation and Defendants point to no authority to support the contention. Defendants cite federal court cases employing the MARA's reasonableness standard; each case, however, predates the *Innovation Ventures* decision. *Id.* Moreover, Defendants' averment that "most antitrust claims are analyzed under a rule of reason" does not mean that the rule of reason applies *only* to antitrust claims. *Id.* (quoting *State Oil Co. v. Khan*, 522 U.S. 3 (1997)). In fact, the *Innovation Ventures* court, by applying the antitrust rule of reason to the interpretation of a commercial noncompete covenant, dispels Defendants' assertion.

The Defendants do not satisfy the rule of reason. They fail to "produce evidence showing the absence of a genuine issue of material fact" regarding the adverse, anticompetitive effects in the overall pizza or quick-service food market of the noncompete agreement. *Celotex Corp.*, 477 U.S. 317, 325 (1986). In fact, Defendants' motion tends to show healthy competition between pizza restaurants in the relevant geographic location. ECF 16, PgID 273–74. Defendants contend, however, that they have suffered an individual injury as a result of the noncompete. That showing, even if true, is insufficient. Antitrust laws such as the MARA and the concomitant rule of reason provide for "the protection of *competition*, not *competitors*." *Brooke Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 224 (1993) (emphasis in the original). The Defendants have not carried their

---

[2] Neither party disputes that they entered into a franchisor-franchisee relationship. *See* § 1.1 of the Agreement, ECF 16-2, PgID 289 and ECF 18-2, PgID 428.

burden and the motion must be denied.

## ORDER

**WHEREFORE** it is **HEREBY ORDERED** that Defendants' motion for partial summary judgment is **DENIED**.

**SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: October 23, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 23, 2017, by electronic and/or ordinary mail.

                                        s/David P. Parker
                                        Case Manager